**CARDEN LIVESAY**
— LTD —
ATTORNEYS AT LAW

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
T. (480) 345-9500
F. (480) 345-6559
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory J. Gannon,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Sedona Fire District, an Arizona special taxing district,<br><br>　　　　　　Defendant. | **ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff Gregory J. Gannon, by and through the undersigned counsel, hereby seek relief under the Americans with Disabilities Act as follows:

**PARTIES**

1. Plaintiff Gregory J. Gannon was at all relevant times herein a resident of Yavapai County, Arizona, and an "employee" of Sedona Fire District within the meaning and purposes of all relevant statutes at all times material to this action.

2. Defendant Sedona Fire District (SFD) is an Arizona special taxing district constituted under A.R.S. §§ 48-802, *et seq.*, a jural entity, at all relevant times conducting its business in Yavapai and Coconino Counties, Arizona.

3. SFD was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

4. Upon information and belief, Defendant employs 101 or more people.

5. At all times pertinent to this Complaint, Defendant's managerial employees were



acting within the course and scope of their employment with Defendant; and as a result thereof, Defendant are responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

6. All acts alleged in this Complaint occurred in Yavapai and Coconino Counties, Arizona.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

8. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant' premises located in Yavapai and Coconino Counties, State of Arizona.

9. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. SFD employed Mr. Gannon as a Firefighter/EMT beginning on or about January 5, 2016.

11. His performance was always satisfactory.

12. On or about April 9, 2017, Mr. Gannon suffered an injury to his knee that developed into a disability.

13. He applied for and received FMLA leave for the 12 weeks to which he was entitled.

14. Mr. Gannon makes no claim herein under the FMLA.

15. On or about June 15, 2017, Mr. Gannon provided SFD with a return to work letter from his orthopedic doctor that stated he could return to work by July 5, 2017 with no restrictions but could wear a brace if needed.

16. SFD refused to permit Mr. Gannon to return to work at that time.

17. Upon information and belief, SFD was imposing a "100% healed" requirement upon Mr. Gannon.

18. On July 3, 2017, the Monday after Mr. Gannon's FMLA leave expired, he met with



1  SFD's designated physician for a "return to duty" appointment as required by SFD.

2  19. During that appointment, the doctor asked if Mr. Gannon "felt 100%" with respect
3  to the physical standards applicable to firefighters.

4  20. Mr. Gannon confirmed that he met the standards, exceeded them, and likely
5  exceeded the physical ability of some of his co-workers.

6  21. In fact, Mr. Gannon, shortly before his return to work letter in June 2017, had been
7  given a series of physical tests by his physical therapist (highly experienced in treating firefighters)
8  demonstrating that he had the necessary strength, flexibility, ability, and stamina to return to work.

9  22. The SFD doctor gave a visual examination of Mr. Gannon's knee but did not
10 perform any performance or fitness tests of any kind.

11 23. The doctor then stated he wanted to speak with Mr. Gannon's orthopedic doctor.

12 24. On July 6, 2017, the SFD doctor called Mr. Gannon to say that he could not clear
13 Mr. Gannon to work because the orthopedic doctor could not guarantee with 100% certainty that
14 there was "no chance of reinjury."

15 25. Mr. Gannon requested of the SFD doctor that he permitted to perform physical tests
16 to show that he met the standards (since SFD had not requested this), and the doctor said he
17 would look at those tests but that he did not know what standards to even test.

18 26. However, shortly thereafter on July 6, 2017, SFD adopted the doctor's position as
19 its own and, through HR, terminated Mr. Gannon immediately over the phone on July 6, 2017.

20 27. Mr. Gannon appealed his termination and repeatedly requested that he be allowed
21 to return to work and/or be medically tested to demonstrate his ability to meet or exceed the
22 relevant standards.

23 28. SFD refused.

24 29. Plaintiff filed a charge of discrimination with the EEOC on or about January 8, 2018.
25 A true and correct copy of that document is attached as Exhibit A.

26 30. On September 24, 2021, the EEOC issued Mr. Gannon his notice of suit rights. A
27 true and correct copy of that document is attached as Exhibit B.

28 31. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.



## FIRST CAUSE OF ACTION – ADA DISCRIMINATION

32. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

33. Plaintiff had a disability that caused a substantial limitation to the performance of major life activities, a track record of impairment, and/or the perception by Defendant that he experienced substantial limitations of major life activities.

34. Defendant was aware of the disability.

35. Defendant imposed unlawful requirements, such as a 100% healed standard and a "guaranteed chance of no reinjury" standard, in making employment decisions about Plaintiff.

36. Defendant refused to return Plaintiff to work even though he had been cleared by his doctor to do so, and forced Plaintiff to see their own physician without a reasonable basis.

37. Defendant refused to evaluate Plaintiff under the relevant physical standards applicable to firefighters.

38. By these actions, Defendant has engaged in direct discrimination against Plaintiff, as well as treating him disparately from other non-disabled workers in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.

39. Additionally, Defendant failed to reasonably accommodate Plaintiff by refusing to allow him to wear a brace and/or undergo physical tests demonstrating his ability to return to work, even if that accommodation required minimal additional leave to complete beyond the 12 weeks of FMLA leave; or even to hold the required interactive dialogue on those topics.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continue to lose the value of such wages and benefits into the future.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has also suffered damages in the form of loss of enjoyment of life, mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future, for which he should be compensated.

## JURY TRIAL DEMANDED

42. Plaintiff demands a trial by jury.



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal law;

B. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

C. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant' unlawful actions, and make him whole for all earnings he would have received, including, but not limited to, back pay, front pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory damages in an amount to be determined by the jury;

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

F. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 8th day of November, 2021,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*

